UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-146-FL

| | | |
|---|---|---|
| OWEN HARTY, *Individually*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | ORDER |
| LUMBER RIVER ASSOCIATES, LLC, *a Virginia Limited Liability Corporation*, and WHEELER REAL ESTATE COMPANY, *a Virginia Corporation*, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter comes before the court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (DE # 13). Plaintiff responded in opposition, and defendants timely replied. In this posture, the issues raised are ripe for ruling. For the reasons that follow, defendants' motion is granted.

## STATEMENT OF THE CASE

Plaintiff filed complaint on July 19, 2011, alleging violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181-12189. On September 15, 2011, defendants moved to dismiss the complaint, arguing that plaintiff lacked standing. Plaintiff timely responded in opposition on October 10, 2011. He contends that he has sufficiently demonstrated standing. On October 27, 2011, defendants filed reply.

## STATEMENT OF THE FACTS

The facts, for purposes of defendants' Rule 12(b)(1) motion, are as follows. Plaintiff Owen Harty ("Harty") is a Florida resident. He is paraplegic, which renders him paralyzed from the waist down and causes him to require the use of a wheelchair for mobility.

On October 29, 2010, Harty visited defendants' shopping center located at 2785 West Fifth Street in Lumberton, North Carolina. He noted various violations of the ADA, including handicapped parking spaces without compliant access aisles, handicapped parking spaces and curb ramps on non-compliant slopes, and interior spaces (such as restrooms) that were not compliant with ADA requirements. Harty was unable to enjoy the shopping center because of these violations, but asserts that he would like to in the future if the barriers to access are removed.

Although Harty lives in Florida, he occasionally travels to North Carolina to attend gun shows and stated that he would be in North Carolina in December 2011. This travel is related to his business as an instructor in using guns and as a gun item re-seller. In addition to this action, Harty has filed approximately seventy-eight (78) other ADA lawsuits in North Carolina. In total, he has filed approximately two hundred and forty-three (243) ADA lawsuits since 2008.

## DISCUSSION

A.  Standard of Review

A challenge to standing is properly considered as a challenge to subject matter jurisdiction under Rule 12(b)(1). See, e.g., White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005). Subject matter jurisdiction may be challenged at any time, and if it is lacking the case must be dismissed. See Fed. R. Civ. P. 12(h)(3). The plaintiff has the burden of

establishing jurisdiction. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). Where, as here, the defendant has not provided evidence to dispute the veracity of the jurisdictional allegations in the complaint, the court accepts the facts alleged in the complaint as true just as it would under Rule 12(b)(6). Kerns v. United States, 585 F.3d 187, 192–93 (4th Cir. 2009).

B.   Analysis

"Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001). To satisfy the "irreducible constitutional minimum of standing," a plaintiff must make three showings. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). First, he must show an "injury in fact," meaning "a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Id. (internal quotation marks and citations omitted). Second, he must show "a causal connection between the injury and the conduct complained of." Id. Finally, he must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. (internal quotation marks omitted).

Where, as here, plaintiff seeks injunctive relief, "the 'injury in fact' element of standing requires more than simply an allegation of defendant's prior wrongful conduct." Harty v. Luihn Four, Inc., 747 F. Supp. 2d 547, 551–52 (E.D.N.C. 2010) (Boyle, J.), aff'd, 453 Fed. App'x 347 (4th Cir. Nov. 16, 2011) (citing City of Los Angeles v. Lyons, 461 U.S. 95 (1983)). Instead, plaintiff must show a "substantial likelihood of future harm." Id. at 552. In other words, "to establish standing to pursue injunctive relief . . . under the ADA, [plaintiff] must demonstrate a

3

Case 7:11-cv-00146-FL   Document 39   Filed 09/06/12   Page 3 of 8

*real* and *immediate* threat of repeated injury in the future." Chapman v. Pier I Imports Inc., 631 F.3d 939, 946 (9th Cir. 2011) (emphasis added and internal quotation marks omitted); see also Shotz v. Cates, 256 F.3d 1077, 1081–82 (11th Cir. 2001).

A plaintiff's "profession of an 'intent' to return to the places [she] had visited before" is not enough to establish standing to seek injunctive relief. Lujan, 504 U.S. at 564. "Such 'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or imminent' injury" required by the Constitution. Id. In determining whether a plaintiff has demonstrated a "real and immediate threat of future harm" as required to bring an ADA claim, this court has at times considered, among other things, the following four factors: (1) the proximity of plaintiff's residence to the property in question, (2) plaintiff's past patronage of the public accommodation, (3) the definitiveness of plaintiff's plan to return, and (4) whether plaintiff frequently travels near the establishment. See, e.g., Payne v. Sears, Roebuck and Co., No. 5:11-CV-614-D, 2012 WL 1965389, at *3 (E.D.N.C. May 31, 2012); Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House I"), No. 5:10-CV-375-FL, 2011 WL 2580679, at *2 (E.D.N.C. June 29, 2011). But cf. Daniels v. Arcade, L.P., No. 11-1191, 2012 WL 1406299, at *3 (4th Cir. Apr. 24, 2012) (declining to formally endorse four-factor test as it was not helpful under the circumstances of that particular case).

In this case, the objective facts before the court demonstrate that Harty lacks standing. Harty's Florida residence, presumably located in Broward County, is more than six hundred (600) miles away from defendants' shopping center. There is no allegation that Harty has ever actually visited the property other than the single occasion in 2010 which forms the basis of the

4

complaint.[1] Instead, he merely asserted in an October 10, 2011 affidavit, submitted in conjunction with his response to the instant motion to dismiss, that he would be staying in Lumberton again on December 3-4, 2011 in order to attend a gun show in nearby Fayetteville and that he planned to visit defendants' shopping center at that time. In all relevant respects, this action is indistinguishable from that dismissed in Luihn Four, 747 F. Supp. 2d 54.

In Luihn Four, in conjunction with his response to the motion to dismiss, Harty submitted a list of North Carolina gun shows and stated in an affidavit that he would be attending them and that he would like to eat at the defendant's restaurant while in Raleigh. Although the list included over thirty (30) gun shows, only four of them were in Raleigh and, as a result, it was clear to the court as to which gun shows Harty was mostly likely referring. Nonetheless, in granting the defendant's motion to dismiss, this court found that Harty's plans to return to the establishment in question were too vague to demonstrate a sufficient likelihood of injury in fact in order to establish standing. Here, the court finds that the additional fact that Harty has specified which of several gun shows he plans to attend in a particular area is not sufficient to compel a different result. The court finds this to be particularly true in light of both the fact that, at the time of his affidavit, Harty had already switched his plans from one particular gun show to another and the fact that an alleged future hotel reservation does not serve as proof of a visit now in the past.

The court recognizes that a similar motion to dismiss was denied in this district subsequent to Luihn Four. See Harty v. Waffle House, Inc. ("Waffle House III"), No. 7:11-CV-

---

[1] The court notes that Harty repeatedly asserts that he visited defendants' shopping center twice during his October 2010 visit. However, the court finds this argument to be disingenuous as it is clear from the receipts provided by Harty that these two "visits" occurred within twelve minutes of each other: the first at 7:32 p.m. and the second at 7:44 p.m., respectively, on October 29, 2010. See Pl.'s Mem. in Opp'n Ex. 1 at 6 (DE # 17-1).

5

138-D, 2011 U.S. Dist. LEXIS 112430 (E.D.N.C. Sept. 30, 2011). In Waffle House III, the court found that the affidavit which Harty had submitted in conjunction with his response to the motion to dismiss indicated that he had made specific plans to return to defendant's restaurant *prior to the filing of the complaint.* Sears, 2012 WL 1965389, at *5 (explaining difference in result between that case and Waffle House III); see also Waffle House III, No. 7:11-CV-138-D, (DE # 1 & 15). In Sears, conversely, in granting the defendant's motion to dismiss, the court did not consider the plaintiff's alleged future plans to return, also articulated in an affidavit submitted in conjunction with her response to the motion to dismiss, because they had clearly been made after the filing of the complaint. Sears, 2012 WL 1965389, at *5. These results are in line with the doctrine that this court "views questions of standing at the time of filing of the complaint, and the doctrine admits of no exceptions." Payne v. TR Associates, LLC, --- F. Supp. 2d ---, 2012 WL 3113211, at *4 (E.D.N.C. Jul. 20, 2012) (Boyle, J.).

Here, Harty has failed to conclusively demonstrate that his alleged future plans to re-visit defendants' shopping center in December 2011 existed at the time of the filing of the complaint. Unlike in Waffle House III, the affidavit submitted in conjunction with Harty's response to the motion to dismiss in the instant action does not contain the language which this court found dispositive in determining that the future visit in Waffle House III had been planned prior to the filing of the complaint. Compare Waffle House III, No. 7:11-CV-138-D, (DE # 15 ¶¶ 9, 11), with Pl.'s Mem. in Opp'n Ex. 1 at 1-2. In fact, the October 10, 2011 affidavit in the instant case suggests the opposite. In it, Harty asserted that he would be staying in Lumberton again on December 3-4, 2011 in order to attend a gun show in nearby Fayetteville and that he would have already done so in October 2011 but for the cancellation of a separate gun show at the same

6

Case 7:11-cv-00146-FL   Document 39   Filed 09/06/12   Page 6 of 8

location. However, it appears that his December 2011 trip was not planned until October 2011, after the cancellation of the October 2011 gun show and after the July 19, 2011 complaint had already been filed. As a result, although the court need not and does not reach the question of whether Harty's alleged future plans would have been sufficient to establish standing if they were stated in the complaint in the instant action, to the extent that Waffle House III would dictate a different result, it is factually distinguishable from the instant action. See also Nat'l Alliance for Accessibility, Inc. v. NCP Western Blvd. LLC, No. 5:11-CV-357-FL, (DE # 25) (E.D.N.C. Sept. 4, 2012) (also involving the cancellation of a plaintiff's initial alleged future visit and the substitution of another future visit which was clearly planned after the filing of the complaint).[2]

In sum, because Harty has not demonstrated a real and immediate threat of repeated injury in the future that is personal to him, he lacks Article III standing to bring this lawsuit. Accordingly, defendants' motion to dismiss is GRANTED.

---

[2] In addition to the three cases specifically mentioned in its discussion, the court notes that motions to dismiss have been granted in eleven additional similar actions in this district: (1) Nat'l Alliance for Accessibility, Inc. v. Big Lots Stores, Inc., No. 5:11-CV-741-FL, (DE # 27) (E.D.N.C. Sept. 4, 2012); (2) Payne v. Tri-Player Investments, No. 5:12-CV-115-BO, (DE # 30) (E.D.N.C. Aug. 7, 2012); (3) Nat'l Alliance for Accessibility, Inc. v. Paris & Potter Mgmt. Corp., No. 5:12-CV-86-BO, (DE # 22) (E.D.N.C. Aug. 7, 2012); (4) Payne v. Eutaw Shopping Center, Inc., No. 5:11-CV-765-BO, (DE # 42) (E.D.N.C. Aug. 3, 2012); (5) Nat'l Alliance for Accessibility, Inc. v. Nassimi Amsterdam Dev., L.P., No. 5:11-CV-769-BO, (DE # 28) (E.D.N.C. Aug. 1, 2012); (6) TR Associates, 2012 WL 3113211; (7) Nat'l Alliance for Accessibility, Inc. v. Waffle House, Inc. ("Waffle House II"), No. 5:10-CV-385-D, 2011 WL 4544017 (E.D.N.C. Sept. 29, 2011); (8) Waffle House I, 2011 WL 2580679; (9) Harty v. Tathata, Inc., No. 5:10-CV-113-WW, 2011 WL 1261313 (E.D.N.C. Mar. 31, 2011); (10) Harty v. 42 Hotel Raleigh, LLC, No. 5:10-CV-60-WW, 2011 WL 1252877 (E.D.N.C. Mar. 30, 2011); and (11) Access for the Disabled, Inc. v. Karan Krishna, LLC, No. 5:10-CV-123-WW, 2011 WL 846854 (E.D.N.C. Mar. 8, 2011). But cf. Harty v. Pa. Real Estate Investment Trust, No. 7:11-CV-16-H, 2012 U.S. Dist. LEXIS 18693 (E.D.N.C. Feb. 15, 2012).

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss (DE # 13) is GRANTED. The Clerk is directed to close this case.

SO ORDERED, this the 5th day of September, 2012.

LOUISE W. FLANAGAN
UNITED STATES DISTRICT JUDGE

8